Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiffs and the Proposed Class*
[Additional Counsel Listed on Signature Page]

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KIS, individually and on behalf of all others similarly situated,<br><br>                                Plaintiff,<br><br>vs.<br><br>COGNISM, INC.,<br><br>                                Defendant. | Case No. 4:22-cv-05322-JST<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY OR, ALTERNATIVELY, STRIKE NEW EVIDENCE AND ARGUMENT IMPROPERLY SUBMITTED ON REPLY**<br><br>Date:        April 20, 2023<br>Time:        2:00 p.m. PST<br>Courtroom:  6 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, on April 20, 2023 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the federal courthouse located at 450 Golden Gate Avenue, San Francisco, California, before Judge Judge Jon S. Tigar, Plaintiff Nicholas Kis will and hereby does move the Court for leave to file a sur-reply in opposition to Cognism's Motion to Dismiss or, alternatively, strike the new evidentiary matter and argument submitted with the reply and in the "corrections" filed at Doc. 45 and 45-1.

## STATEMENT OF ISSUES TO BE DECIDED

Plaintiff requests leave to file a sur-reply of five pages or less in support of its opposition to Defendant's motion to dismiss for the purpose of addressing the new arguments presented by Defendant in its reply and in its "corrections" of its opening Motion and Declaration in support. Defendant does not oppose this request.

In the alternative, Plaintiff asks the Court to strike Defendant's "corrected" filings at Docs. 45 and 45-1 and the new argument in its reply brief in support of its motion to dismiss and supplemental declaration (Docs. 46 and 46-1) that "Kaspr is not owned or operated by Defendant" and thus "Plaintiff's allegations and arguments about Kaspr are utterly irrelevant…"

2

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY OR, ALTERNATIVELY, STRIKE NEW EVIDENCE AND ARGUMENT IMPROPERLY SUBMITTED ON REPLY
(Case No: 4:22-cv-05322)

Plaintiff Nicholas Kis respectfully moves the Court for leave to file a sur-reply of five pages or less in opposition to Defendant Cognism, Inc.'s Motion to Dismiss limited to the issue, raised for the first time in Defendant's reply brief, that Cognism does not own Kaspr. Docs. 24, 45. Defendant Cognism, Inc. does not oppose Plaintiff's request to file a sur-reply.

Plaintiff alleged in the Complaint that "Kaspr.io is owned and operated by Cognism," Doc. 1, at ¶24, an allegation supported by an April 27, 2022, press release published on cognism.com.[1] In its opening Motion to Dismiss, Cognism did not contest that it owns and operates Kaspr. Cognism described the operation of the "Kaspr plug-in" in detail and represented that "information in the Cognism platform can be accessed . . . through the Kaspr plug-in."Doc. 24, at 12-13. Cognism now argues for the first time in its reply that "Kaspr is not owned or operated by Defendant" and thus "Plaintiff's allegations and arguments about Kaspr are utterly irrelevant…" Doc. 46 at n. 4. On the same day it filed its reply, Cognism submitted what it characterized as "corrections" of its opening Motion to Dismiss and an accompanying Declaration. The so-called "corrections" are simply removals of admissions that are inconvenient to Cognism's newly asserted argument that it does not own and operate Kaspr. Plaintiff requests leave to file a sur-reply for the purpose of addressing the new arguments presented by Defendant in its reply and in its "corrections" of its opening Motion and Declaration in support.

## BACKGROUND

On September 20, 2022, Plaintiff filed his Complaint, alleging that Cognism uses Plaintiff's and putative Class members' personal information to sell its subscription services to marketers without their consent. Doc. 1, ¶¶23, 60-61, 71. One of the ways that Plaintiff alleges Cognism accomplishes this is through a free "plug-in" program called Kaspr, which, when installed, displays a pop-up advertisement showing the person's name and photograph along with a button indicating that the marketer can spend two "Credits" to conduct an "Advanced Search" about the individual. *Id.* ¶71. Conducting an "Advanced Search" reveals the individual's email address and phone number – information the individual chose not to share on LinkedIn. *Id.* Once

---

[1] https://www.cognism.com/blog/kaspr-press-release

3

the marketer has expended the five "Credits" Cognism provides for free, the marketer must purchase a subscription to continue. *Id.* ¶75.

Defendant filed its Motion to Dismiss on December 11, 2022, along with a Declaration of James Isilay pursuant to 28 U.S.C § 1746. Doc. 24. In its original Motion to Dismiss, Cognism did not contest that it owns and operates Kaspr. *See id.* Accordingly, Plaintiff did not address any such argument in its response to Defendant's Motion to Dismiss, filed on January 27, 2023. Doc. 41. On February 17, 2023, Defendant filed its reply in support of its Motion to Dismiss, arguing for the first time that "Kaspr is not owned or operated by Defendant" and thus "Plaintiff's allegations and arguments about Kaspr are utterly irrelevant…" and filed a Supplemental Declaration of James Isilay to support that assertion. Doc. 46 at n. 4; Doc. 46-1. On that same day, Defendant also submitted "corrections" to its Motion to Dismiss and to Mr. Isilay's original Declaration, deleting language supporting Plaintiff's allegations about Kaspr's interaction with the Cognism platform. *See* Docs. 45, 45-1; Resch Decl., Exs. A and B (redlines reflecting the changes between Docs. 26 and 26-1 and Docs. 25 and 45-1).

## ARGUMENT

Cognism's reply brief in support of its Motion to Dismiss raises a new argument for the first time: that Cognism does not own Kaspr and thus any allegations based on Kaspr are "irrelevant." Doc. 46 n. 4. In support of this contention, Cognism submits not only an entirely new declaration, but also attempts to retract statements made in its opening Motion and declaration in support that contradict this new argument. Without leave to file a sur-reply, Plaintiff will have no opportunity to address both the procedural impropriety of this argument or to respond substantively. To avoid prejudice to Plaintiff, the Court should grant Plaintiff's motion. Alternatively, the Court should strike the new factual matter and argument submitted with the reply papers strike the "corrections" to the opening Motion and declaration (Docs. 45, 45-1).

First, Plaintiff should be provided the opportunity to demonstrate why Cognism's "corrections" and this new argument on reply are procedurally improper. In the opening Motion to Dismiss filed on December 12, 2022, Cognism in no way suggested that Plaintiff's allegations

4

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY OR, ALTERNATIVELY, STRIKE NEW EVIDENCE AND ARGUMENT IMPROPERLY SUBMITTED ON REPLY
(Case No: 4:22-cv-05322)

about Kaspr were "irrelevant." *See* Docs. 24, 24-1. On the contrary, the Motion described the operation of the Kaspr plug-in in detail, *see* Doc. 24, at 12-13, as did Cognism's CEO in his Declaration in support. *See* Doc. 24-1, at ¶¶31-37. It was not until February 17, 2023, five months after Plaintiff filed his Complaint and two months after Defendant filed its Motion to Dismiss, that Defendant made the following new and material assertions:

1. Kaspr is not owned or operated by Defendant;
2. Kaspr is not a product offered by Defendant; and
3. Kaspr users are unable to access Defendant's platform and vice versa.

Docs. 45, 45-1, 46, 46-1.

It is well-established in this Circuit that "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996); *see also Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) ("Defendant's argument ... was raised for the first time in her reply brief. As a result, it is improper for the Court to consider it."). For that reason alone, this new argument in Cognism's reply brief should be stricken, as should its "corrected" filings. Defendant's failure to present these assertions in a timely manner deprived Plaintiff of the opportunity to argue these issues in his opposition brief. If those arguments are not stricken now, Plaintiff should be given the opportunity to make this point via a sur-reply.

Second, in the event the Court does consider Cognism's newly raised argument, Plaintiff should be allowed to respond substantively. Without the benefit of a sur-reply, the Court's review of this argument will be limited to Cognism's one-sided presentation, which – along with other issues – is improperly supported by material outside the Complaint. Plaintiff is entitled to respond. Among other arguments, Plaintiff intends to object to Defendant's "corrections" to its original Motion to Dismiss and Declaration of Mr. Isilay, both of which have been materially modified to remove facts inconvenient to Defendant's newly asserted arguments, and both of which are inconsistent with Mr. Isilay's past public statements.

The material changes in Defendant's Motion to Dismiss warrant granting Plaintiff leave to submit a sur-reply to assist the Court in its resolution of Defendant's motion, and doing so will

5

PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY OR, ALTERNATIVELY, STRIKE
NEW EVIDENCE AND ARGUMENT IMPROPERLY SUBMITTED ON REPLY
(Case No: 4:22-cv-05322)

not unfairly prejudice Cognism.

## CONCLUSION

For the foregoing reasons, Plaintiff's respectfully request that the Court grant their motion for leave to file a sur-reply in opposition to Cognism's Motion to Dismiss or, alternatively, strike the new evidentiary matter and argument submitted with the reply and in the "corrections" filed at Doc. 45 and 45-1.

Dated: February 22, 2023          Respectfully Submitted,

By: */s/ Brittany Resch*
Brittany Resch (*pro hac vice*)
brittanyr@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (*to be admitted pro hac*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 22nd day of February, 2023.

TURKE & STRAUSS LLP

By: */s/ Brittany Resch*
Brittany Resch (*pro hac vice*)
Email: brittanyr@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423