Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

*Attorneys for Plaintiff and the Proposed Class*
[Additional Counsel Listed on Signature Page]

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>COGNISM, INC.,<br><br>    Defendant. | Case No. 4:22-cv-05322-JST<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hon. Jon S. Tigar<br><br>Date:    April 27, 2023<br>Time:    2:00 p.m. |

i

On December 12, 2022, Cognism filed a motion to dismiss. Dkt. 24. Plaintiff filed his opposition on January 27, 2023. Dkt. 41. On February 17, 2023, Cognism filed a reply. Dkt. 46. On March 6, 2023, this Court granted Plaintiff's unopposed motion for leave to file a sur-reply. Dkt. 53. Plaintiff now respectfully submits this sur-reply.

**ARGUMENT**

As Plaintiff explained in his motion for leave to file a sur-reply (Dkt. 47), Cognism raised a new argument for the first time in its reply brief: namely, that Cognism does not own Kaspr, and therefore Plaintiff's allegations regarding Kaspr are "utterly irrelevant." Dkt. 46, at *11, n.4. This position stands in sharp contrast to Cognism's initial motion to dismiss, in which Cognism: (1) did not contest Plaintiff's allegation that it owns and operates Kaspr; (2) described Kaspr's relevant operations in detail and with apparently well-informed knowledge; and (3) represented that "information in the Cognism platform can be accessed . . . through the Kaspr plug-in." Dkt. 24, at *12-13. As Plaintiff explained in his Objection to New Evidence, *see* Dkt. 49, the Declarations upon which Cognism relies in its reply are inconsistent with sworn admissions Cognism previously made to this Court, and with Cognism's publicly available statements. For the reasons below, Cognism's newly-raised argument should form no part of this Court's analysis of the motion to dismiss. At the very least, Plaintiff is entitled to discovery to verify Cognism's newly-asserted, and apparently false, claim that it does not own Kaspr.

**First**, Cognism's novel assertion that "Kaspr is not owned or operated by Defendant," *see* Dkt. 46, at *11, n.4, is inconsistent with the allegations in Plaintiff's Complaint and therefore should form no part of the Court's analysis. The Complaint alleges that "Kaspr.io is owned and operated by Cognism." Dkt. 1, at ¶24.[1] On a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). In support of its assertion that Cognism does not own Kaspr, Cognism

---

[1] As shown below, the plausibility of this allegation is amply supported by publicly available information.

relies on a supplemental declaration in which the Cognism's CEO, Mr. James Isilay, avers that "Kaspr is not owned or operated by [Cognism]." *See* Dkt. 46-1. The Court's review on a motion to dismiss is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The Court "may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)" unless incorporation-by-reference or judicial notice applies. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Cognism's attempt to introduce evidence via a declaration is therefore improper at this stage and should form no part of this Court's evaluation of the motion to dismiss.

**Second**, were this Court to look beyond the bounds of the Complaint, there is a plethora of publicly available evidence that (1) Cognism acquired Kaspr in April 2022, and (2) Cognism currently owns and operates Kaspr. Such evidence includes, but is not limited to:

1. An article published on Cognism.com on April 27, 2022, stating that "Cognism has announced the acquisition of Kaspr." Osborn Decl., Ex. 1.
2. Mr. Isilay's statements in the same article that, "We're looking forward to Kaspr becoming a part of Cognism;" that, "We will merge Kaspr's data into Cognism products as soon as possible;" that, "Thanks to Kaspr's pricing structure we can also offer a new product-led growth (PLG) business model;" and that, "This acquisition further cements Cognism's position as a leader in GDPR complaint contact data for EMEA." *Id.*
3. The statement by Allan Benguigui, the "Founder and CEO of Kaspr," that "I'm really excited about this acquisition [by Cognism]." *Id.*
4. A webpage entitled "Kaspr Press Kit" on Kaspr's website stating that "Kaspr was acquired by Cognism" in "April, 2022." *Id.*, Ex. 2.
5. A webpage entitled "Kaspr vs. Cognism" on Kaspr's website stating that "Cognism and Kaspr are part of the same family" and that "Cognism and Kaspr share information between data sets." *Id.*, Ex. 3.
6. A public statement by the law firm Circle Law on June 30, 2022, that

2

"Cognism . . . has acquired Paris-based sales prospecting provider Kaspr" and that "Circle Law advised [Kaspr]" in the acquisition. *Id.*, Ex. 4.

7. Similar public statements made by the law firm Taylor Wessing on May 17 and May 18, 2022, stating that Taylor Wessing represented Cognism in the acquisition. *Id.*, Exs. 5 & 6.

8. A job posting made by Cognism on March 8, 2023, entitled "Mid Backend Engineer- Kaspr," in which Cognism wrote, "having recently been acquired by Cognism, Kaspr is expanding globally. . . We'd love to hear from you!" *Id.*, Ex. 7.

9. Similar additional job postings made by Cognism advertising various open roles at Kaspr. *Id.*, Exs. 8 & 9.

This evidence suggests Mr. Isilay is, to put it mildly, not entirely forthcoming when he claims for the first time in his supplemental declaration that "Kaspr is not owned or operated by [Cognism]." *See* Dkt. 46-1. At the very least, Kaspr's ownership raises a disputed issue of fact that cannot be resolved on a motion to dismiss, without discovery. Should Cognism persist in claiming that it did not acquire Kaspr in April 2022, Plaintiff intends to seek discovery to verify that claim, including but not limited to: (1) the deposition of Mr. Isilay regarding the inconsistencies between his supplemental declarations and the publicly available evidence, including his own prior statements; (2) the deposition of Mr. Benguigui regarding his former company's acquisition by Cognism; (3) documentation and communications related to the acquisition; (4) subpoenas to Circle Law and Taylor Wessing regarding their representations of Kaspr and Cognism, respectively, in the merger; (5) documentation regarding the overlap in staff and operations between Cognism and Kaspr, including Cognism's apparent control over job postings for openings at Kaspr; and (6) documentation regarding the extent to which "Cosnism and Kaspr share information between data sets," as represented on Kaspr's website. *See* Osborn Decl., Ex. 3.

**Third**, the veracity of Mr. Isilay's Supplemental Declaration (Dkt. 46-1) and "Corrected" Declaration (Dkt. 45-1) is questionable because those declarations directly contradict both the publicly available information cited above and the sworn admissions Mr. Isilay made in his initial

3

"uncorrected" Declaration. *See* Dkt. 24-1. As Plaintiff showed in his Objection to New Evidence (Dkt. 49), Mr. Isilay's claims in his Supplemental Declaration that "[u]sers of Kaspr cannot access the Cognism platform." But this claim contradicts Mr. Isilay's earlier admission that "information in the Cognism platform can be accessed . . . through the Kaspr plug-in." *Compare* Dkt. 46-1, at ¶4, *with* Dkt. 24-1, at ¶31. It also contradicts the public statement on Kaspr's website that "Cognism and Kaspr share information between data sets." Osborn Decl., Ex. 3. Likewise, Mr. Isilay's claim in his Supplemental Declaration that "Kaspr is not owned or operated by [Cognism]" is contradicted by each of the nine pieces of publicly available evidence cited above (and there is more). Mr. Isilay and Cognism have offered no explanation or justification for these contradictions.

**Finally**, Cognism raised the argument that it does not own Kaspr for the first time on reply and, for that reason alone, the argument should form no part of this Court's analysis. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").

## CONCLUSION

For the foregoing reasons, and for the additional reasons stated in Plaintiff's initial Opposition (Dkt. 41), Plaintiff respectfully requests that the Court deny Cognism's motion to dismiss in its entirety.

Dated: March 17, 2023                    Respectfully Submitted,

By: */s/ Brittany Resch*
Brittany Resch (*Pro Hac Vice*)
brittanyr@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703-3515
Telephone: (608) 237-1775
Facsimile: (509) 4423

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)

mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (*To be admitted Pro Hac*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

*Attorneys for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Brittany Resch, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 17th day of March, 2023.

        TURKE & STRAUSS LLP

        By:   */s/ Brittany Resch*
              Brittany Resch, *Admitted Pro Hac Vice*
              Email: brittanyr@turkestrauss.com
              TURKE & STRAUSS LLP
              613 Williamson St., Suite 201
              Madison, WI 53703
              Telephone: (608) 237-1775
              Facsimile: (608) 509-4423