Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

[Additional Counsel Listed on Signature Page]

*Counsel for Plaintiff and the Proposed Class*


Michael S. Sommer (admitted *pro hac vice*)
JaeYoung Ariel Jeong (admitted *pro hac vice*)
Derek K. Mong (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: msommer@wsgr.com
Email: ajeong@wsgr.com
Email: dmong@wsgr.com

[Additional Counsel Listed on Signature Page]

*Counsel for Defendant Cognism Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>COGNISM INC.,<br><br>Defendant. | Case No.: 3:22-cv-05322-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

Plaintiff's Statement:  As reflected in the Complaint (ECF No. 1), Plaintiff alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act ("CAFA")). *See* Compl., ¶ 44.

Defendant's Statement:  For the reasons articulated in Defendant's motion to dismiss (ECF No. 24, as corrected ECF No. 45), Defendant believes that the Court lacks subject matter jurisdiction over this dispute because Plaintiff lacks standing – he has suffered no legally cognizable injury and any purported injury is not fairly traceable to Defendant.

Joint Statement:  The parties are not aware of any issues regarding personal jurisdiction or venue. Defendant was served on September 22, 2022.

**2.    Facts**

Plaintiff's Statement:  This case arises from Defendant's misappropriation of Plaintiff's and Class members' names, contact information, job titles, places of work, cities of residence, and other personal information to advertise paid subscriptions to their websites, www.cognism.com and www.kaspr.io, without Plaintiff's and Class members' consent. Compl., ¶¶1-3. Cognism advertises subscriptions primarily to salespeople and marketers by publicly displaying profiles of the Plaintiff and Class Members showing their names, contact information, and other personal information to users on a free trial basis. *Id.* ¶¶4-7. Cognism gives trial users the ability to view and download profiles for a limited amount of time and, after that limit is reached, trial users who attempts to view or download additional Plaintiff or Class Member profiles receive messages prompting them to purchase a paid subscription that provides a variety of advertised services, such as  "Intent data" about "business web user's observed behavior – specifically web content consumption – that provides insight into their interests." Cognism promises to inform the subscriber which "articles and reviews" the prospect has read,

which "whitepapers" the prospect has downloaded, and what "websites" the prospect has visited. *Id.* ¶15-17. Defendant is the sole author, designer, and implementor of these advertising techniques and messages. *Id.* at ¶32. Plaintiff did not give his consent for Cognism to use his name and persona to advertise subscriptions to its website. *Id.* at ¶¶37. Additional facts supporting Plaintiff's causes of action are in the Complaint.

There are many common facts, including: whether Cognism knowingly uses the names, personal information, and personas of Plaintiff and the Class to advertise website subscriptions; whether Cognism displays or displayed the Plaintiff's name, personal information, and persona on its website; whether Cognism asked for, or received, consent from, or provided compensation to, Plaintiff and the Class for the use of their names, personal information, and personas; and whether and how Cognism has benefited from its use of Plaintiff's and the Class's names, personal information, and personas.

Defendant's Statement:  Cognism is a sales lead generation platform that helps companies connect with potential customers.  To facilitate such connections, Cognism collects information about business professionals, such as their employer, job title, office location, and contact information.

Cognism's aggregated database of verified information about business professionals is available through Cognism's platform, which allows an individual to search by various criteria to identify potential sales leads.  Cognism allows potential customers the opportunity to try its platform through a free trial, which permits the trial user to use the full platform for a limited period of time or for a limited number of contact information downloads.

Information concerning Plaintiff was obtained by Cognism from third-party data sellers.  That information is contained within the Cognism platform.  Although Plaintiff asserts that "Cognism displays a profile of personal information about Mr. Kis on www.cognism.com, which Cognism intends to be used by B2B marketers and salespeople who wish to contact Mr. Kis with unsolicited promotions," Compl. ¶ 59, the only way Plaintiff's information could possibly appear to any user of Cognism's platform would be when the platform itself was actually used –

Plaintiff's name and information were never listed on Cognism's public-facing website, and never used in any promotional material or advertisement.

In fact, the only time Plaintiff's information was ever accessed on the Cognism platform was when Plaintiff's own attorney misrepresented himself as a potential Cognism customer to gain access to the Cognism platform, and then did his own search for Mr. Kis. On that basis, Plaintiff advances statutory right-of-publicity and California common law misappropriation claims. Plaintiff also advances a CIPA claim based on his assertion that information about Plaintiff was obtained by Cognism through wire interception of emails. This never occurred.

## 3. Legal Issues

The principal legal issues are: (1) whether Plaintiff has satisfied his burden of alleging a legally cognizable injury-in-fact that is fairly traceable to Defendant's conduct for purposes of Article III standing[1]; (2) whether Plaintiff states claims under California's Right of Publicity Statute (Cal. Civ. Code § 3344), California's Invasion of Privacy Act (Cal. Pen. Code §§ 630 *et seq.*), California's tort of appropriation of a name or likeness, and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*); and (3) whether Plaintiff satisfies the requirements for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3).

## 4. Motions

On December 12, 2022, Defendant moved to dismiss Plaintiff's claims, arguing that Plaintiff does not have Article III standing and that Plaintiff fails to state statutory right-of-publicity, common law misappropriation, CIPA and UCL claims. ECF No. 24, as corrected ECF No. 45. On January 27, 2023, Plaintiff filed his opposition to Defendant's motion to dismiss asking that the motion be denied in all respects. ECF No. 41. On February 17, 2023, Defendant filed its reply in support of its motion to dismiss, ECF No. 46. On March 17, 2023, Plaintiff filed a sur-reply in opposition to Defendant's motion to dismiss. ECF No. 56. On March 29, 2023, Defendant filed a sur-sur-reply in support of its motion to dismiss. ECF No.

---

[1] In another case involving a right of publicity claim, *Martinez v. ZoomInfo Techs. Inc.*, No. 21-cv-05725-MJP (W.D. Wash. filed Sept. 30, 2021), the Ninth Circuit heard oral argument in connection with an appeal of the denial of a motion to dismiss for lack of standing on April 14, 2023. A decision is pending.

60. On May 10, 2023, the hearing on Defendant's motion to dismiss was vacated when the case was reassigned to Judge Martinez-Olguin. Contemporaneous with the filing of this joint case management statement, Defendant will re-notice the hearing for July 20, 2023.

**5.   Amendment of Pleadings**

The parties reserve the right to make amendments to pleadings if and when appropriate, and as permitted by court rules.

**6.   Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties have taken reasonable steps to preserve discoverable information in its possession, custody, or control. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

**7.   Disclosures**

The parties exchanged their initial disclosures on January 17, 2023.

Plaintiff's Statement: Plaintiff disclosed information consistent with his obligations under Fed R. Civ. P. 26(a)(1)(A).

Defendant's Statement: Defendant disclosed the names and contact information of individuals likely to have discoverable information, descriptions of documents and information that may be used to support its claims or defenses, and any relevant insurance agreements pursuant to Fed R. Civ. P. 26(a)(1)(A).

**8.   Discovery**

Joint Statement: The parties held their Rule 26(f) conference on January 3, 2023. Initial disclosures were served on January 17, 2023, without any modifications to the timing, form, or requirement of the initial disclosures. No additional discovery has been taken to date.

On January 24, 2023, the Court stayed discovery in this matter pending a decision on the Defendant's motion to dismiss. ECF No. 39.

The parties agree that a protective order governing the use of confidential business information and other confidential material and a Rule 502(d) order to protect against the waiver of privilege are appropriate in this case. The parties intend to jointly submit to the Court for approval a protective order based on the Northern District of California's model order, modified as necessary to account for the particular confidentiality concerns in this case. The parties also intend to jointly submit to the Court for approval an order regarding the discovery of electronically stored information based on the Northern District of California's model order, modified as necessary to account for the particular discovery concerns in this case.

At this time, the parties do not propose any limitations or modifications of the discovery rules other than as stated above, and do not have any other concerns about the disclosure, discovery, or preservation of electronically stored material. The parties do not have any issues to raise about claims of privilege or of protection as trial-preparation materials.

Plaintiff's Statement:  Although Plaintiff understands that there is currently a stay of discovery in place pending a ruling on Defendant's motion to dismiss, given the time that has elapsed since that motion was filed and the need to proceed in a timely and efficient matter with prosecuting the claims on behalf of Plaintiff and the Class, Plaintiff believes that discovery should proceed immediately, consistent with the Federal Rules. Plaintiff proposes that fact discovery should close on February 15, 2024. Plaintiff anticipates seeking from Cognism and/or relevant third parties documents and information concerning: (1) Defendant's use of Plaintiff's and Class members' names, personal information, and personas to advertise its products; (2) Defendant's subscription models, sales models, and advertising strategies; (3) The value of Plaintiff's and Class members' names, personal information, and personas in attracting and retaining subscribers and/or purchasers; (4) Defendant's collection of Plaintiff's and Class members' names, personal information, and personas; (5) Any purported consent by Plaintiff and the Class to Defendant's use of their names, personal information, and personas; (6) Defendant's revenue from its use of

Plaintiff's and Class members' names, personal information, and personas; (7) Any licensing agreements under which Cognism either earns or pays a fee to license Plaintiff's and Class members' names, personal information, and personas; (8) Defendant's insurance coverage for legal claims; (9) Internal or external communications expressing or addressing privacy and/or intellectual property concerns regarding Defendant's use of names, personal information, and personas; (10) The size of the Class and the names of Class members; (11) Any affirmative defenses Defendant intends to assert. Plaintiff reserves the right to seek additional categories of documents, testimony, and other information as the case develops.

Plaintiff disagrees with Defendant's request to bifurcate discovery. Rule 23 requires courts to make a class certification decision at an "early practicable time," and delaying discovery related to Plaintiffs' class claims will only serve to delay Plaintiff's ability to bring a motion to certify the class. Defendant is certainly able to take discovery of Plaintiff as early in the discovery period as it wishes and proceed with dispositive motion practice. It is unclear (and unlikely) that merits expert reports will play any meaningful role in the resolution of Plaintiff's individual claims, and thus that also cannot be a reasonable basis to bifurcate. Moreover, any suggestion that class discovery would be overly-burdensome on Defendant is premature as Plaintiff has yet to serve discovery requests on Defendant. And finally, Defendant has not articulated any Plaintiff-specific issues (legal, factual, or otherwise) beyond those currently before the Court in its motion to dismiss.

Defendant's Statement:  Defendant believes that discussions concerning the anticipated scope of discovery, proposed limitations or modifications to the discovery rules, and a stipulated ESI and/or protective order are premature in light of Defendant's motion to dismiss the complaint, as Defendant believes the resolution of the motion will substantially narrow the claims and issues in this case, if the complaint is not entirely dismissed in its entirety.  As Judge Tigar observed during the initial case management conference in this case, the resolution of the motion to dismiss will allow for a "much clearer idea of . . . what the discovery in the case actually needs to be." 1/24/2023 Hr'g Tr. 4:8-15 (granting motion to stay discovery pending resolution of the motion to

dismiss and noting that once "[we] actually have a ruling on the motion to dismiss[,] we'll have a much clearer idea of . . . what the discovery in the case actually needs to be").

Defendant believes that discovery should occur in two phases upon resolution of the motion to dismiss: (1) a phase of discovery limited to individual claims, followed by (2) a phase of discovery focused on class claims.

As to Plaintiff, Defendant anticipates needing discovery on the following subjects:

- All documents and communications supporting Plaintiff's allegations in the Complaint;
- All documents and communications concerning any investigation by Plaintiff or Plaintiff's counsel concerning Plaintiff's allegations in the Complaint, including but not limited to whether Plaintiff's name appeared on Defendant's website and whether Plaintiff's information was intercepted by Defendant;
- All documents prepared by investigators or consultants for Plaintiff that are relevant to any potential claims or defenses in this litigation;
- All documents and communications between Plaintiff and Plaintiff's counsel pre-dating Plaintiff's retention of counsel;
- All documents and communications concerning Plaintiff's engagement of counsel and the circumstances of such engagement;
- All documents and communications between Plaintiff and Defendant concerning the inclusion of Plaintiff's information on Defendant's platform, including but not limited to opt-out notices provided to Plaintiff;
- All documents and communications concerning Plaintiff's decision to opt out or not to opt out of inclusion of Plaintiff's information in Defendant's platform;
- All documents and communications supporting Plaintiff's claimed damages arising from the Complaint, including the calculation of any claimed actual damages;
- Documents sufficient to identify Plaintiff's document retention policy/practice;

- Documents that Plaintiff contends constitute an admission on the part of Defendant with regard to the matters which are the subject of this action;
- All documents prepared by experts who Plaintiff intends to call at trial; and
- All documents that Plaintiff intends to offer at trial.

Defendant reserves the right to seek additional categories of documents, testimony, and other information as the case develops.

**9.     Class Actions**

Plaintiff's Statement:  Plaintiff provides the following information as required by Civ. L.R. 16-9(b). As alleged in the Complaint, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(2). *See* Compl., ¶88. Plaintiff contends that it is also maintainable as a class action under Fed. R. Civ. P. 23(b)(3). *Id*. Plaintiff seeks to represent the following classes:

**Cognism.com class**: All current and former California residents who are not subscribers of cognism.com and whose names and personal information Cognism incorporated in profiles used to promote paid subscriptions to cognism.com.

**Kaspr.io class**: All current and former California residents who are not subscribers of kaspr.io, who have profiles on the professional networking site LinkedIn, and whose names and personal information Kaspr used to promote paid subscriptions to kaspr.io.

Plaintiff contends that the Complaint alleges facts showing Plaintiff is entitled to maintain this action under Fed. R. Civ. P. 23. *See* Compl., at ¶¶88-97. Defendant disagrees that this action is maintainable as a class action. The parties propose that the deadline for Plaintiff's class certification motion be March 15, 2024.

Defendant's Statement:  Defendant believes that class certification under Fed. R. Civ. P. 26(b)(2) or 26(b)(3) are both inappropriate in this case.  There likely will be significant variations among class members with respect to the inclusion of their information on the Defendant's platform and the extent to which any individual class member's emails were collected or reviewed by Defendant such that Plaintiff will be unable to provide a common method to prove impact and damages, and common issues of law and fact will not predominate.

A class action would thus not be a superior means for fairly and efficiently adjudicating the controversy. Moreover, Plaintiff also has not suffered any legally cognizable or particularized injury as his information was never displayed on Defendant's website nor were his emails ever collected or reviewed by Defendant; thus, Plaintiff cannot adequately represent the putative classes. To the extent there are certain common issues of law applicable to all members of the putative classes, those common issues will result in dismissal of the action.

Counsel for Defendant has reviewed the Procedural Guidance for Class Action Settlements.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff's Statement: As described in the Complaint, Plaintiff, on behalf of the proposed Class, seeks the following relief: statutory damages in the amount of $750 per violation (under California law on behalf of the Class); statutory damages in the amount of $5,000 for each email Cognism intercepted, eavesdropped upon, read the contents of, and/or disclosed the contents of (under CIPA); Defendant's profits earned from its misuse of Plaintiff's and Class members' information; compensatory damages for mental anguish; disgorgement of Defendant's unjust benefits earned from its use of Plaintiff's and Class members' names, personal information, and personas; an injunction prohibiting Defendant's illegal actions; nominal damages; a declaration that defendant's actions are illegal; and an award of attorneys' fees and costs. *See* Compl., ¶¶88-127. Because discovery has not yet begun and only Cognism has the information needed to establish the size of the class, number of violations, and amount of profits earned, Plaintiff is not yet able to estimate the total amount of damages sought.

Defendant's Statement: For the reasons articulated in Defendant's motion to dismiss (ECF No. 24, as corrected ECF No. 45), Plaintiff is not entitled to any recovery, including declaratory or injunctive relief and fees. Defendant seeks no relief through counterclaim but has provided Plaintiff notice to Plaintiff's counsel, pursuant to Rule 11,

that his claims are without merit.  Defendant reserves all rights, including the right to seek sanctions and fees.

## 12. Settlement and ADR

The parties have each filed their respective ADR Certifications pursuant to ADR L.R. 3-5(b).  The parties are willing to discuss the possibility of a settlement conference before a Magistrate Judge not presiding over this action or a private mediator.

## 13. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 14. Narrowing of Issues

The parties do not believe there are any issues that can be narrowed by agreement or by motion at this time and do not have any suggestions to expedite the presentation of evidence at trial.  The parties reserve the right to bring motions, including summary judgment motions, at the appropriate time.

**The parties agree that resolving the threshold issue of Article III standing is consequential to, if not dispositive of, the case. The parties also agree that a determination on whether Cognism's use of Plaintiffs' name and likeness is a "commercial use" will materially advance the litigation. A prompt hearing on the Defendant's motion to dismiss for lack of standing will expedite the resolution of the case.**

## 15. Expedited Trial Procedure

The parties do not believe this case is suitable for expedited trial.

## 16. Scheduling

Plaintiff's Statement:  Plaintiff proposes the following schedule:

| Event | Deadline |
| --- | --- |
| Initial Disclosures | January 18, 2023 |
| Completion of Fact Discovery | February 15, 2024 |

| | |
|---|---|
| Plaintiff's Motion for Class Certification and Class Certification Expert Declarations | March 15, 2024 |
| Defendant's Opposition to Class Certification Motion and Opposing Expert Declarations | April 26, 2024 |
| Plaintiff's Class Certification Motion Reply and Rebuttal Expert Declarations | May 31, 2024 |
| Opening Merits Experts Reports | 30 days after an order on Plaintiff's motion for class certification |
| Rebuttal Merits Expert Reports | 60 days after an order on Plaintiff's motion for class certification |
| Completion of Expert Discovery | 90 days after an order on Plaintiff's motion for class certification |
| Dispositive Motions, including Daubert Motions | 120 days after an order on Plaintiff's motion for class certification |
| Trial Ready Date | 90 days after an order on any dispositive motions |

Defendant's Statement: Defendant believes that it is premature to set a case schedule before resolution of Defendants' motion to dismiss, because the Court's decision on the motion to dismiss may significantly narrow the claims and issues in this action, which may in turn alter the scope of discovery and the need for further motion practice. Defendant suggests that the Court schedule a case management conference after the ruling on Defendants' motion to dismiss to discuss scheduling matters.

Notwithstanding Defendant's position on scheduling, Defendant proposes that the case proceed according to the following sequence of events, which contemplates phased discovery—first on Plaintiff's individual claims, followed by discovery on the class claims—to facilitate the just and efficient resolution of this action:

| | **Deadline** | **Date** |
|---|---|---|
| | Hearing on Defendant's Motion to Dismiss | 7/20/2023 |
| | Answer / Close of Pleadings | TBD |
| Individual Claims | Close of Fact Discovery re: Individual Claims | TBD |
| Individual Claims | Opening Expert Reports re: Individual Claims | TBD |
| Individual Claims | Rebuttal Expert Reports re: Individual Claims | TBD |
| Individual Claims | Reply Expert Reports re: Individual Claims | TBD |
| Individual Claims | Close of Expert Discovery re: Individual Claims | TBD |
| Individual Claims | Plaintiff's Summary Judgment Opening Brief (*assuming parties will file cross-motions for summary judgment on individual claims*) | TBD |
| Individual Claims | Defendant's Summary Judgment Opening/Opposition Brief | TBD |
| Individual Claims | Plaintiff's Opposition/Reply Brief | TBD |
| Individual Claims | Defendant's Reply Brief | TBD |
| Individual Claims | Hearing On Summary Judgment Motions | TBD |
| Class Claims | Close of Fact Discovery re: Class Claims | TBD |
| Class Claims | Plaintiff's Motion for Class Certification / Opening Expert Reports re: Class Claims | TBD |
| Class Claims | Defendant's Opposition to Motion for Class Certification / Rebuttal Expert Reports re: Class Claims | TBD |
| Class Claims | Plaintiff's Reply ISO Class Certification / Reply Expert Reports re: Class Claims | TBD |
| Class Claims | Close of Expert Discovery re: Class Claims | TBD |
| Class Claims | Hearing on Plaintiff's Motion for Class Certification | TBD |
| | Pretrial conference | TBD |
| | Trial | TBD |

**17.   Trial**

Joint Statement:  The parties request a jury trial for all claims.

<u>Plaintiff's Statement</u>:  Plaintiff anticipates the trial lasting fourteen days.

<u>Defendant's Statement</u>:  Defendant cannot yet estimate the expected length of the trial because, among other reasons, it is unknown which, if any, claims will survive Defendant's motion to dismiss and whether a class will be certified.

**18.     Disclosure of Non-party Interested Entities or Persons**

<u>Plaintiff's Statement</u>:  Plaintiff certifies pursuant to Civil L.R. 3-15 that, to his knowledge, there are no persons or entities other than the Plaintiff and members of the proposed Class who have a financial or other kind of interest in this proceeding.

<u>Defendant's Statement</u>:  Defendant filed its Civil Local Rule 3-15 statement on December 12, 2022.  Other than the named party and Cognism Inc.'s parent corporation, there is no conflict or interest to report.

**19.     Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.     Other**

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

Respectfully submitted,

Dated:  May 31, 2023            /s/ Michael F. Ram

Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913

Benjamin R. Osborn
(to be admitted Pro Hac Vice)
102 Bergen St.
Brooklyn, NY 11201
Telephone: (347) 645-0464
Email: ben@benosbornlaw.com

Sam Strauss
(to be admitted Pro Hac Vice)
sam@turkestrauss.com
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Counsel for Plaintiff and the Proposed Class*

Respectfully submitted,

Dated: May 31, 2023          /s/ *Michael S. Sommer*

Michael S. Sommer (admitted *pro hac vice*)
JaeYoung Ariel Jeong (admitted *pro hac vice*)
Derek K. Mong (admitted *pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: msommer@wsgr.com
Email: ajeong@wsgr.com
Email: dmong@wsgr.com

Colleen Bal (SBN 167637)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (415) 947-2000
Facsimile: (866) 974-7329
Email: cbal@wsgr.com

*Counsel for Defendant Cognism Inc.*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
THE HONORABLE ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE