UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KIS, | Case No. 22-cv-05322-AMO |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| COGNISM INC., | |
| Defendant. | Re: Dkt. No. 45 |

Cognism Inc.'s motion to dismiss was heard before this Court on September 19, 2023. Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS IN PARTS AND DENIES IN PART** the motion to dismiss for the following reasons.

I.      BACKGROUND[1]

Defendant Cognism, Inc. ("Cognism") owns and operates a website, cognism.com, that is a prospecting tool for business to business ("B2B") salespeople and marketers.  ECF 1 ("Compl.") ¶¶ 1, 4.  Cognism.com provides a searchable database with names, contact information, and other information about millions of professionals.  Compl. ¶ 6.  Cognism collects "community-sourced data" by installing software on subscribers' computers that "automatically captures, intercepts, and stores" all outgoing and incoming emails, and collects contact information from the signature blocks of emails.  Compl. ¶ 20.  Cognism.com subscriptions cost more than $10,000 per year.  Compl. ¶ 14.  Cognism offers free trials of cognism.com to potential

---

[1] For the purposes of the Rule 12(b)(6) motion to dismiss, the Court accepts as true the factual allegations in the complaint and construes the pleadings in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

United States District Court
Northern District of California

subscribers, where the potential subscriber can search and view profiles in the database for a limited period of time or a limited number of contact information downloads.  Compl. ¶¶ 9-10.  Free trial users may download 25 profiles with personal information before they are required to purchase a subscription to view additional profiles.  Compl. ¶ 10.  Cognism used putative class members' names, likenesses, photographs, and personas in advertisements for its website subscriptions without their consent.  Compl. ¶¶ 34, 39.  Subscribers may also access information through the Kaspr plug-in, which is an internet browser extension that allows an individual searching on LinkedIn to view more information about an individual.  Compl. ¶¶ 24, 26, 68.

Plaintiff Nicholas Kis sued Cognism on September 20, 2022, on behalf of himself and a putative class, alleging violations of (1) California's Right of Publicity Statute, Cal. Civ. Code § 3344, (2) the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630 *et seq.*, (3) appropriation of his name or likeness, and (4) the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*  The instant motion followed.

## II.    DISCUSSION

Cognism moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  ECF 45 ("Mot.") at 14-32.  Because the Article III standing issue goes to subject matter jurisdiction, the Court assesses it first.

### A.    Article III Standing

The Court evaluates challenges to Article III standing under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the court determines whether the factual allegations are sufficient to invoke the court's subject matter jurisdiction.  *Id.*  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must

United States District Court
Northern District of California

2

1   furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter

2   jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Leite*,

3   749 F.3d at 1121.  The court need not presume the truthfulness of the plaintiff's allegations under

4   a factual attack.  *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2012).  Cognism

5   brings both a facial and factual attack of the Court's subject matter jurisdiction.[2]

6          "Article III confines the federal judicial power to the resolution of 'Cases' and

7   'Controversies.'  For there to be a case or controversy under Article III, the plaintiff must have a

8   'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S.

9   413, 423 (2021) (citation omitted).  To establish standing, "(1) the plaintiff [must have] suffered

10  an injury in fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent,

11  not conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and

12  (3) the injury is 'likely' to be 'redressed by a favorable decision.'" *Bates v. United Parcel Serv.,*

13  *Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

14  560-61 (1992)).  "To establish an injury in fact, a plaintiff must show that he or she suffered 'an

15  invasion of a legally protected interest' that is 'concrete and particularized.'" *In re Facebook, Inc.*

16  *Internet Tracking Litig.*, 956 F.3d 589, 597 (9th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578

17  U.S. 330, 339 (2016), *as revised* (May 24, 2016)).

18         Cognism takes issue with the injury and traceability requirements.  *See* Mot. (ECF 45) at

19  15-22.  The Court begins with injury.  Kis brings a statutory right of publicity claim and the

20  analogous tort of misappropriation of a name or likeness.[3]  Compl. ¶¶ 98-104, 117-120.  In

21  determining whether an alleged harm is sufficiently concrete to confer Article III standing, the

22

23  ────────────────────

    [2] Cognism challenges Plaintiffs' ability to use allegations related to Kaspr to establish standing.
24  To support its challenge, Cognism submits a declaration that it does not own or operate Kaspr.
    ECF 46-1 (Isilay Supp. Decl.) ¶ 2.  Kaspr is owned by Cognism Ltd., which is not a party to this
25  action.  ECF 60-1 (Isilay Decl.) ¶ 2.  Under Rule 12(b)(1), the Court may properly consider
    Cognism's declaration.  *See Leite*, 749 F.3d at 1121.  Absent alter ego allegations, which are not
26  present here, Cognism cannot be responsible for the actions of a third party it does not own or
    operate.  In its standing analysis, the Court does not rely on the Kaspr allegations.
27
    [3] To the extent the UCL claim asserts a violation of the statute's "unlawful" prong, it is derivative
28  of the other violations.  To the extent it asserts a violation of the "unfair" prong, it is premised on
    fundamentally the same injuries as the other claims.  Thus, the Article III inquiry is the same.

1   Supreme Court in *TransUnion* instructs that "courts should assess whether the alleged injury to the

2   plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a

3   lawsuit in American courts," such as physical harm, monetary harm, or various intangible harms.

4   *TransUnion*, 594 U.S. at 424.  This inquiry focuses on "whether plaintiffs have identified a close

5   historical or common-law analogue for their asserted injury. . . . but does not require an exact

6   duplicate in American history or tradition."  *Id.*  A "concrete" injury may include tangible or

7   intangible harms, so long as they are "'real,' and not 'abstract.'"  *Id.* at 424-425.  When a

8   legislature had declared that an injury is legally redressable, courts "afford due respect" to that

9   decision.  *Id.* at 425.  A legislature may "elevate" a legally protected interest into an injury for

10  Article III purposes, though it cannot "us[e] its lawmaking power to transform something that is

11  not remotely harmful into something that is."  *Id.* at 426 (citations omitted).

### 1.      Claims at Common Law

13      Cognism argues that Kis fails to allege specific facts as to "how he was harmed," "how he

14  was foreclosed from capitalizing on his identity," or "how he was deprived of the economic value

15  of his identity[.]"  Mot. at 16.  Kis alleges injury for himself and putative class members through

16  (1) "the unlawful taking of their valuable intellectual property"; (2) the invasion of their privacy

17  rights protected by statute and common law"; (3) "Cognism's unlawful profiting from its

18  exploitation of their names, personas, personal information, and the content of their emails"; and

19  (4) "harm to peace of mind."  Compl. ¶ 42.  Kis details that Cognism used his personal

20  information without his consent, including his name, contact information, job title, place of work,

21  and location to promote subscriptions to cognism.com.  Compl. ¶¶ 1-3, 34.  Cognism advertised

22  subscriptions to its website by displaying Kis and putative class members' profiles, offering free

23  trials with limited access to the platform, and offering subscriptions at $10,000 per year.  Compl.

24  ¶¶ 8-12, 14.

25      Plaintiffs' injury here has a "close relationship" to harms traditionally recognized at

26  common law.  *See TransUnion*, 594 U.S. at 424; *In re Facebook*, 956 F.3d at 598 ("[V]iolations of

27  the right to privacy have long been actionable at common law.") (citations omitted).  A right to

28  privacy "encompass[es] the individual's control of information concerning his or her person."

*Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) (citation omitted); *see also Patel v. Facebook, Inc.*, 932 F.3d 1264, 1272 n.6 (9th Cir. 2019) (the tort of "appropriation of the other's name or likeness" is one of four privacy torts traditionally recognized at common law) (citing Restatement (Second) of Torts § 652A(2) (1977)).

Kis alleges that Cognism misappropriated his name, likeness, and persona – a harm recognized at common law.  Compl. ¶¶ 56-58, 67; *see U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749, 763 (1989) ("both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person"). Unjustly profiting from intellectual property is also a harm that was found to be sufficiently concrete at common law.  *See, e.g.*, *In re Facebook*, 956 F.3d at 600 (holding that allegations of unjust enrichment under the right-of-publicity statute are sufficient for Article III standing). Cognism argues that Kis was not injured because he is not a celebrity.  Mot. at 18.  However, an individual need not be a celebrity to suffer injury from the misappropriation of the person's name or likeness.  *See KNB Enterprises v. Matthews*, 78 Cal. App. 4th 362, 373 n.12 (2000) (concluding that "[u]nder California law, the statutory right of publicity [under Section 3344] exists for celebrity and non-celebrity plaintiffs alike."); *Dora v. Frontline Video, Inc.*, 15 Cal. App. 4th 536, 542 (1993) (holding that "both celebrities and non-celebrities have the right to be free from the unauthorized exploitation of their names and likenesses"); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 806 (N.D. Cal. 2011) (finding nothing in the text of Section 3344 requiring a non-celebrity plaintiff to plead "preexisting commercial value and efforts to capitalize on such value").

Kis also alleges that Cognism infringed his right to control the commercial use of his name and identity, a harm recognized at common law.  *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 n.6 (9th Cir. 2006) ("Fundamentally, the right of publicity is the inherent right of every human being to control the commercial use of his or her identity") (internal quotation marks and citation omitted).  These types of harm have been found to satisfy Article III standing.  *See Spindler v. Seamless Contacts, Inc.*, No. 4:22-CV-00787-KAW, 2022 WL 16985678, at *1, 4 (N.D. Cal. Oct. 24, 2022), *appeal dismissed*, No. 22-16772, 2023 WL 7871697 (9th Cir. Nov. 3, 2023) (finding Article III standing where defendant's website displayed profiles of individuals that

United States District Court
Northern District of California

1    included names, contact information, job titles, places of work, and cities of residence and offered

2    free trials with limited downloads of profiles).  Thus, Kis has alleged that he suffered injury from

3    the invasion of his privacy rights, Cognism's unlawful taking of his intellectual property, and

4    unlawful profiting from the exploitation of his name and persona.[4]

5         The Court next turns to traceability and whether the conduct giving rise to the claims

6    occurred.

7                    **2.        Traceability and Conduct Giving Rise to Injuries**

8         Cognism also claims that Kis lacks standing because it never displayed his information on

9    the platform as part of any advertisement or solicitation, his emails were never intercepted or read

10   by Cognism, and the only person to have accessed Kis's information on Cognism's platform was

11   his own attorney.  Mot. at 17-18, 21-22.  It is the unauthorized use of an individual's name or

12   likeness in advertising that California Civil Code § 3344 prohibits, not its viewing.  In *Nolen v.*

13   *PeopleConnect, Inc.*, the defendant argued that because there were no allegations that anyone

14   viewed plaintiff's image, the claim should fail.  *Nolen v. PeopleConnect, Inc.*, No. 20-CV-09203-

15   EMC, 2023 WL 4303645, at *2 (N.D. Cal. June 30, 2023).  The court disagreed, holding that

16   "Defendant commercially used Plaintiff's image the moment the image became a publicly

17   accessible part of Defendant's advertising flow."  *Id.* at *3-4 ("Plaintiff's image was used

18   essentially as bait, to attract potential viewers and turn them into customers.  Whether it succeeded

19   or not, the image was used for the purpose of increasing Defendant's sales.").  Kis alleges that

20   Cognism used his name and likeness as part of its free trial advertising the platform, and that

21   Cognism profited off having a database filled with such profiles.  Compl. ¶¶ 42, 58-60, 64-66.

22   Because Cognism fails to show that Kis must allege third-party viewership, the Court rejects this

23   basis for dismissing the claims.  The harm alleged is fairly traceable to Cognism.  Accordingly, the

24   Court finds that Kis has alleged standing.

25

26

27   ───────────────

[4] Because the Court has found Article III standing based on these injuries, it need not consider
28   whether Kis has sufficiently alleged harm to his peace of mind.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### III.    FAILURE TO STATE A CLAIM

#### A.    Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim for which relief may be granted.  Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either a "cognizable legal theory" or "sufficient facts alleged" under such a theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted).  Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  When evaluating a motion to dismiss, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citations omitted).  The Court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  Then, all parties must have the opportunity "to present all the material that is pertinent to the motion." *Id.*

#### B.    Statutory Right of Publicity and Common Law Misappropriation Claims

"California has long recognized a common law right of privacy for protection of a person's

7

name and likeness against appropriation by others for their advantage." *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001).  To state a misappropriation of likeness claim under the common law, a plaintiff must allege: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Fleet v. CBS, Inc.*, 50 Cal. App. 4th 1911, 1918 (1996); *see also Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1008 n.2 (9th Cir. 2017) (same).  California also provides a statutory remedy under California Civil Code § 3344 which consists of the same elements, but also requires allegations of (5) "knowing use of the plaintiff's name, photograph or likeness for purposes of advertising or solicitation of purchases," and (6) "[a] 'direct' connection . . . between the use and the commercial purpose." *Maloney*, 853 F.3d at 1008 n.2 (quoting *Fleet*, 50 Cal. App. 4th at 1918); *Downing*, 265 F.3d at 1001; *see* Cal. Civ. Code § 3344.

Cognism argues that it did not use or appropriate Kis's identity in connection with promotion or advertising material because it did not use a "teaser profile" of Kis, and the free trial is "part-and-parcel of Cognism's product."  Mot. at 24-27 (citing *Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *4 (N.D. Cal. Aug. 16, 2021)).  The Court cannot agree.

Kis alleges that Cognism uses his name and likeness in a free trial, which offers potential subscribers limited information and profile downloads and thus is distinct from the platform itself.  Free trial users of cognism.com do not receive full functionality to the platform; they cannot access "intent" data, which is information about internet browsing behavior.  Compl. ¶ 10.  Courts in this district have found that such use of a plaintiff's identity in a "teaser profile" or in limited access to the product is sufficient to allege right of publicity and misappropriation claims.  *See Kellman v. Spokeo, Inc.*, 599 F. Supp. 3d 877, 892, 894-95 (N.D. Cal. 2022) (finding that complaint satisfied "advertising" element where plaintiff's identity was used in a "teaser" profile that withheld certain information "with the purpose of inducing potential users into subscribing"); *Spindler*, 2022 WL 16985678, at *1, 5 (concluding that defendant used plaintiffs' name and likeness to advertise its product where free trials allowed users to search, view, and download a

United States District Court
Northern District of California

1   limited number of trials).  Cognism relies heavily on *Brooks*, where the court found that there was

2   no misappropriation for a defendant collecting and selling access to a "dossier" of plaintiffs'

3   information.  Mot. at 26 (citing *Brooks*, 2021 WL 3621837, at *1).  However, in *Brooks*, the

4   defendants did not use plaintiffs' identities in a free trial or limited use of the platform.  *Id.* at *4.

5   And as detailed above, more recent cases have found that offering limited access to a platform to

6   promote a subscription, as here, suffices to allege a misappropriation claim.  *See Kellman*, 599 F.

7   Supp. 3d at 892; *Spindler*, 2022 WL 16985678, at *1, 5.  Cognism's argument that limited access

8   to the platform through a free trial is distinct from "teaser profile" cases is unavailing.[5]

9       Accordingly, the Court **DENIES** the motion to dismiss the common law and statutory

10  misappropriation claims.

11      **C.      California Invasion of Privacy Act Claims**

12      Kis alleged violations of Sections 631, 632, and 637 of California Invasion of Privacy Act

13  ("CIPA").  Compl. ¶¶ 105-116.  Cognism moves to dismiss the claim under each section for

14  failure to state a claim.  Mot. at 27.  Because Kis only opposes Cognism's arguments about

15  Section 631, he conceded his Sections 632 and 637 claims.  *See Namisnak v. Uber Techs., Inc.*,

16  444 F. Supp. 3d 1136, 1146 (N.D. Cal. 2020) ("Plaintiff fails to respond to this argument and

17  therefore concedes it through silence.") (quoting *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP,

18  2010 WL 546485, at *6 (N.D. Cal. Feb. 9, 2010)).  The Court accordingly **DISMISSES** the

19  Sections 632 and 637 CIPA claims.

20      Kis alleges that Cognism violated the second clause of Section 631.  *See* Compl. ¶ 107.  To

21  bring a claim under the second clause of Section 631(a), a plaintiff must plead that another person

22  "willfully and without the consent of all parties to the communication, or in any unauthorized

23  manner, reads, or attempts to read, or to learn the contents or meaning of any message . . . while

24  the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at

25

26  ────────────

27  [5] Cognism further argues that Kis did not allege injury for these claims "[f]or the same reasons
    that Plaintiff has not suffered an Article III injury-in-fact."  Mot. at 27.  Because the Court found
    that Kis has alleged injury in fact, the Court finds that Kis has alleged injury for the

28  misappropriation claims.

United States District Court
Northern District of California

1   any place within this state . . .[.]" Cal. Penal Code § 631(a).  "Courts often look to the federal

2   Wiretap Act, which prohibits the unauthorized 'intercept[tion]' of an 'electronic communication,'

3   to interpret the 'in transit' prong of Section 631(a)."  *Hazel v. Prudential Fin., Inc.*, No. 22-CV-

4   07465-CRB, 2023 WL 3933073, at *2 (N.D. Cal. June 9, 2023) (citing cases).  Under the Wiretap

5   Act, courts define "interception" narrowly: "interception" requires that data is "acquired during

6   transmission, not while it is in electronic storage."  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d

7   868, 878 (9th Cir. 2002).

8        Cognism argues that Kis has not and cannot allege that his email communications were

9   contemporaneously intercepted.  Mot. at 28-29.  Cognism argues that there was no

10  contemporaneous interception because the Complaint only alleges that it collected stored

11  communications.  Mot. at 28.  However, that is belied by the Complaint, which states that

12  Cognism "installs software on subscribers' computers that automatically intercepts . . . emails sent

13  to and received by subscribers . . .[.]" Compl. ¶ 110.  This is distinct from *Bradley v. Google, Inc.*,

14  No. C 06-05289 WHA, 2006 WL 3798134, at *6 (N.D. Cal. Dec. 22, 2006), where the plaintiff

15  alleged that Google deleted stored emails from her account.  Kis has adequately alleged the "in

16  transit" requirement.

17       Cognism also claims that Kis fails to allege that it collects the substantive contents of

18  emails because email signature blocks are not "contents" within the meaning of CIPA.  Mot. at 29.

19  Kis alleges that Cognism collects the signature blocks in intercepted emails, and "adds the contact

20  information captured from the email to its profile about the individual to whom the signature block

21  corresponds."  Compl. ¶ 20.  The "contents" of a communication are defined as "any information

22  concerning the substance, purport, or meaning of that communication."  18 U.S.C. § 2510(8).  The

23  Ninth Circuit has held that "contents" means "the intended message conveyed by the

24  communication" as opposed to "record information regarding the characteristics of the message

25  that is generated in the course of the communication."  *In re Zynga Priv. Litig.*, 750 F.3d 1098,

26  1106 (9th Cir. 2014).  Courts employ a "case-specific" inquiry into whether information is content

27  or record information.  *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1092 (N.D. Cal. 2022)

28  (quoting *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 137 (3d Cir.

United States District Court
Northern District of California

10

2015)). "Generally, customer information such as a person's name, address, and subscriber number or identity is record information, but it may be contents when it is part of the substance of the message conveyed to the recipient." *Id.* at 1092-93. For example, "data automatically generated about a telephone call, such as the call's time of origination and its duration, do not constitute 'content' for purposes of the Wiretap Act's sealing provisions because such data 'contains no information concerning the substance, purport, or meaning of [the] communication.'" *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1061 (N.D. Cal. 2012) (quoting *United States v. Reed,* 575 F.3d 900, 916 (9th Cir. 2009) (internal citations and quotation marks omitted)). Kis does not meaningfully respond to Cognism's argument that email signatures are not contents, and instead states that he needs discovery to verify whether the software collects emails in transit or how much information the software can extract. Opp. at 28. Kis fails to allege that Cognism collects content information. Therefore, the Court **DISMISSES** the Section 631 claim with leave to amend.

### D.      Unfair Competition Law Claim

Finally, Cognism challenges the Unfair Competition Law ("UCL") claim for the failure to allege a loss of money or property. In order to have standing to pursue a UCL claim, plaintiffs must show that they suffered injury in fact and "lost money or property" because of defendant's conduct. *See* Cal. Bus. & Prof. Code § 17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 317 (2011). There are "innumerable ways in which economic injury from unfair competition may be shown," including having a "present or future property interest diminished" or being "deprived of money or property to which [plaintiff] has a cognizable claim." *Kwikset*, 51 Cal. 4th at 323.

Cognism argues that the UCL claim fails because Kis has not suffered a loss of money or property. Mot. at 32. In the Ninth Circuit, however, "plaintiffs who suffer[] a loss of their personal information suffer[] economic injury and ha[ve] [UCL] standing." *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 636 (N.D. Cal. 2021) (citing cases); *see, e.g.*, *Callahan v. PeopleConnect, Inc.*, No. 20-CV-09203-EMC, 2021 WL 5050079, at *19 (N.D. Cal. Nov. 1, 2021) (concluding that plaintiffs alleged economic injury because their "names and likenesses are intellectual property," and "they were not paid . . . for the use of their names and likenesses");

*Kellman*, 599 F. Supp. 3d at 896 (finding standing where "plaintiffs have alleged (among other injuries) that Spokeo was unjustly enriched and that the plaintiffs were not compensated for use of their likenesses [as] [b]oth are economic injuries . . ."); *Spindler*, 2022 WL 16985678, at *6 (holding that allegations that defendant was "unjustly enriched" and that plaintiff "was not compensated for use of his likeness, and that he was denied the right to control the commercial use of his name and persona" are economic injuries sufficient to allege UCL standing).  Defendant does not provide persuasive authority to the contrary.  For example, Cognism cites to *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 838, 849 (N.D. Cal. 2014), where the court found no UCL standing for a wiretap claim where, unlike here, the defendant did not advertise or misappropriate plaintiffs' names or likenesses.  The Court accordingly finds that Kis has adequately alleged economic injury and **DENIES** the motion to dismiss the UCL claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to dismiss the common law misappropriation and statutory right of publicity claims and **DENIES** the motion to dismiss the UCL claim.  The Court **DISMISSES** the California Invasion of Privacy Act Section 632 and 637 claims without leave to amend and **DISMISSES** the Section 631 claim with leave to amend.  Any amended complaint must be filed by **September 23, 2024**.  No additional parties or claims may be added without leave of Court or stipulation of Defendant.

**IT IS SO ORDERED.**

Dated: August 23, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**